

# O'HAGAN MEYER

### ATTORNEYS ▲ ADVISORS

**Jeffrey M. Rosin**
617.843.6800  OFFICE
617.843.6801  DIRECT
617.843.6810      FAX
jrosin@ohaganmeyer.com

**VIA ECF**
The Hon. Judge John G. Koeltl
U.S. District Judge, Southern District of New York (Foley Square)
40 Foley Square New York
Manhattan, New York, NY 10007

June 18, 2024

Dear Honorable Judge Koeltl:

RE: *Erica Cardenas v. IMS Fund LLC*, Civil Action No. 1:24-cv-04041-JGK
<u>Pre-Motion Conference Request Pursuant to Individual Rule II(B)</u>

Dear Honorable Judge Koeltl:

Pursuant to Individual Motion Practice Rule II (B), Defendant, IMS Fund LLC (interchangeably "Defendant" or "IMS") hereby requests a pre-motion conference related to its anticipated Motion to Dismiss Plaintiff's Complaint. As required by the Rule, the basis of Defendant's motion is set forth below. However, there is an urgent matter. **Defendant respectfully requests Your Honor to stay the deadline to answer the Complaint pending a pre-motion conference, because our deadline to answer the Complaint is June 20th, 2024.**

The underlying matter is a putative class action arising under the Telephone Consumer Protection Act (the "TCPA"). Plaintiff sues IMS for violation of 47 U.S.C § 227 (c)(5) and 47 C.F.R. § 64.1200(c) relating to three (3) alleged text messages (on May 10, 14, and 16 in 2024) purportedly sent by Defendant to Plaintiff's cell phone. Specifically, Plaintiff alleges: "Plaintiff Cardenas *is the sole owner and user* of her cell phone *number ending in 5615.* Plaintiff Cardenas *has owned her cell phone number for over 10 years.*" *See* Plaintiff's Compl., ¶¶ 20 and 21 (emphasis added). She further alleges: "Plaintiff Cardenas uses her cell phone number for personal use only as one would use a landline telephone number in a home. She has never had her cell phone number associated with a business." Compl., ¶ 23. Although she failed to plead as much, the complete cell phone number that Plaintiff registered on November 9, 2023, with the National Do Not Call Registry is (619) 947-5615. (*See* Exhibit A attached.) [1] Defendant further respectfully

---

[1] https://www.texasbar.com/AM/Template.cfm?Section=Member_Benefits&Template=/memberbenefits/vendor/Tracers.cfm. Defendant respectfully requests the Court take judicial notice of **<u>Tracer</u>** Public Records, as it is endorsed by the State Bar of Texas, which confirms this is the Plaintiff's telephone number. *See La Sonde v. Seabrook*, 89 AD3d 132, 137 (1st Dept 2011) (holding that "this Court has discretion to take judicial notice of material derived from official government web sites such as those generated by the New York Department of State."). Plaintiff failed to plead her telephone number in its entirety. While there is a split of authority in this regard, caselaw supports the

requests the Court take judicial notice of the Google Public Record, dated March 5, 2022, of this cell phone number, attached as Exhibit B, which demonstrates that this cell phone number, (619) 947-5615, belongs to a gentleman named Eric Thompson who "can be reached by phone at (619) 947-5615 (New Cingular Wireless Pcs, LLC." Eric Thompson resided at 11484 5th Avenue, Hesperia, CA 92345-2005. (Google Public Record – Quick Facts,) He is the owner of Eric Thompson[2], Inc.[3]

## I.  Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) Because Plaintiff Lacks Standing to Sue Under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)

"The issue of standing is jurisdictional." *Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the V.I.*, 218 F.3d 232, 240 (3d Cir. 2000).  It is well settled that "The National Do Not Call Registry is only for personal phone numbers." *Shelton  v. Target Advance, LLC*, NO. 18-2070 (E.D. Pa. Apr. 16, 2019). Exhibit B demonstrates that the telephone number at issue is not exclusive to Plaintiff. Instead, Exhibit B shows that Eric Thompson "can be reached by [cell] phone at (619) 947-5615" and that the same cell phone number was directed to Eric Thompson and Eric Thompson, Inc.  *See* Plaintiff's Compl., ¶ 21. Since the telephone number at issue was held out as a business number by someone else other than the Plaintiff, she lacks standing to assert a claim in this regard. *Cf. Shelton*, 2019 U.S. Dist. LEXIS 64713 at *17

## II.  Plaintiff Failed to Establish Article III Standing: Three Text Messages

Assuming *arguendo* that the public record did not show that Eric Thompson "can be reached by phone at  (619) 947-5615," and assuming further that such cell phone number has been

---

requirement that Plaintiff plead the number in its entirety so Defendant can make an assessment on available defenses. *See, e.g.*, *Strand v. Corinthian Colleges, Inc.*, 2014 U.S. Dist. LEXIS 52963 at *9 (W.D. Mich. Apr. 17, 2014) ("Notice pleading, therefore, under *Twombly* and *Iqbal*, necessarily requires that a plaintiff plead the telephone number in question to raise a right to relief above the speculative level). Plaintiff failed to plead the entirety of her telephone number, therefore her Complaint fails to state a claim in this regard. Regardless, Defendant is entitled to make arguments predicated upon the Plaintiff's full telephone number. Plaintiff should not be permitted to deprive Defendant of the ability to make its arguments through artful pleading.

[2] In another case against another defendant, *Erica Cardenas v. Creditors Relief LLC*, Case No. 2:24cv-04214-MCA-JBS, Plaintiff asserts that she received the text messages on January 18, January 22, and January 31, 2024, that greeted her as "Eric" and she did not know who Eric is:

1.  "Hello **Eric** I just wanted to follow up regarding my previous text. Would you like to see how *much* of a reduction you are able to get? STOP to opt-out."
2.  "Hope you are doing well **Eric.** Can we have a quick talk about the message I sent earlier? It's Andrew from CR. Reply stop to stop."
3.  "**Eric**, following up to see if we can chat about some options, we have for helping you ease your MCA obligations. with CR Text STOP to unsubscribe."

*See* Compl. at ¶¶ 29, 32, and 34. The facts above indicate that the cell phone number (619) 947-5615 is included in Eric Thompson's Google Public Record, dated March 5, 2024; and the telemarketers for IMS as well as Creditors Relief LLC presumably tried to reach Eric Thompson. Thus, the calls, if any, were placed in error and protected under the Safe Harbor Provision of 7 U.S.C. § 227 (c) (5). Plaintiff's alleged injury, if any, was not intentionally incurred and insufficient to establish Article III standing.

[3] The Court may take judicial notice of the google webpage(s). *See, e.g.*, *National Grange of the Order of Patrons of Husbandry v. California State Grange*, 182 F. Supp. 3d 1065, 1086, n. 3 (E.D. Cal. 2016) ("to the extent some descriptions and Zoominfo's website are not in the record, the Court takes judicial notice of www.google.com and zoominfo.com and the information contained therein pursuant to Federal Rules of Evidence 201.").

used by Plaintiff for personal and residential purposes, Plaintiff still fails to establish Article III standing – to show concrete harm. *See Lawson v. Visionworks of Am., Inc.*, 2023 U.S. Dist. LEXIS 36825 at *10 (M.D. Fla. Mar. 6, 2023) (plaintiff asserted a TCPA claim against defendant arising out of his receipt of three text messages. The court held that plaintiff failed to establish Article III standing because the alleged harm is "isolated, momentary, and ephemeral," and thus, Plaintiff did not in fact suffer concrete harm and therefore, cannot make it past the judicial standing.) The holding of *Lawson* is consistent with those of other decisions holding that conclusory allegations concerning damages, like those proffered by the Plaintiff, are either insufficient to sustain Plaintiff's burden to establish Article III standing or are of such a *de minimis* nature that they are insufficient to confer standing. *See, e.g.*, *Zemel v. CSC Holdings LLC*, 2017 U.S. Dist. LEXIS 63398 at *13 (D.N.J. Apr. 26, 2017) ("Plaintiff also alleges he suffered actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of text messages. This allegation is nothing but a bare conclusory assertion. Plaintiff has failed to demonstrate how three text messages…are a nuisance of an invasion of privacy.").

### III.    Plaintiff's Claims Should be Dismissed Under Rule 12(b)(6) for Failure to State a Claim

Many federal courts have ruled that, "[a] cellular phone and a residential phone are not the same thing." *Moore v. Triumph CSR Acquisition, LLC*, 2023 U.S. Dist. LEXIS 220876 at *4 (N.D. Ill. Dec. 12, 2023). The decision in *Gaker v. Q3M Ins. Sols.*, 2023 U.S. Dist. LEXIS 44919 (W.D.N.C. Feb. 7, 2023) is instructive. In *Gaker*, plaintiff asserted a claim against defendant under 64.1200(c) for calls placed to his cellular phone. The defendant moved to dismiss the complaint on the grounds that calls to a cellular phone cannot form the basis of a claim under 47 C.F.R 64.1200(c). The Court agreed. Specifically, the Court held that the "language of the TCPA specifically proves that regulations implemented pursuant to Subsection 227(c) concern only "the need to protect residential telephone subscribers' privacy rights." In that regard, "residential" is defined as "used as a residence or by residents' and "resident" is defined as living in a place for some length of time or one who resides in a place." *Id.*

Assuming *arguendo* further that the cell number (619) 947-5615 did not belong to Eric Thompson as shown by the Google Public Record, dated March 5, 2022, and to the extent a cellular phone subscriber may satisfy 47 U.S.C. § 227(c)'s residential telephone subscriber element, *Gilliam v. Reliance First Cap., LLC*, 2023 U.S. Dist. LEXIS 29477 at *8 (E.D.N.Y. Feb. 22, 2023) is instructive. *In Gilliam*, in support of his claim, plaintiff asserted, as Erica Cardenas alleged in the instant case, "*conclusory allegations that his cell phone number was not associated with a business, has never been held out by Plaintiff to the public, and is primarily for personal use.*" *Id.* at *9. The Court held that such conclusory allegations were insufficient to establish that plaintiff's cellular telephone was used for residential purposes insofar as he failed to specifically allege any facts and evidence from which the Court could infer that the phone number is used for residential purposes." *Id*. The Court should reach a similar result. Plaintiff's allegations are conclusory in nature and fail to establish that the telephone number at issue is used for residential purposes. Accordingly, Plaintiff's Complaint should be dismissed.

Very truly yours,
O'Hagan Meyer, PLLC
*Jeffrey M. Rosin*