UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERICA CARDENAS,** *Plaintiff,* v. **IMS FUND LLC**, *Defendant.* | No. 1:24-cv-04041-JGK **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Erica Cardenas ("Plaintiff Cardenas" or "Cardenas") brings this Class Action Complaint and Demand for Jury Trial against Defendant IMS Fund LLC ("Defendant" or "IMS Fund") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited text messages to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Cardenas, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### PARTIES

1. Plaintiff Cardenas is a resident of Chula Vista, California.

2. Defendant IMS Fund is a New York registered company located in Manhattan. Defendant IMS Fund conducts business throughout this District and throughout the United States including in California.

1

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant is located in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is located in this District and directed its wrongful conduct from here.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in April 2024 alone, at a rate of 146.9 million per day. www.robocallindex.com (last visited May 22, 2024).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant IMS Fund provides business funding solutions throughout the US.[3]

15. Defendant IMS Fund operates using d/b/a's that include National Business Helpers / NBH, Funderial and Imperial Advance.[4]

16. Defendant IMS Fund sends text messages to solicit its business funding solutions.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.funderial.com/about-us
[4] https://www.bbb.org/us/ny/new-york/profile/small-business-loans/funderial-0121-147529

17. Defendant IMS Fund places telemarketing text messages to consumer phone numbers that are registered on the DNC, as per Plaintiff's experience.

18. Current and former IMS Fund employees have posted complaints about cold calling that they had to engage in to generate business, including:



19. In response to these text messages, Plaintiff Cardenas brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF CARDENAS'S ALLEGATIONS

20. Plaintiff Cardenas is the sole owner and exclusive user of her cell phone number ending in 5615.

21. Plaintiff Cardenas has owned her cell phone number for over 10 years.

---

[5] https://www.glassdoor.com/Reviews/Employee-Review-Imperial-Advance-RVW16266967.htm
[6] https://www.glassdoor.com/Reviews/Employee-Review-Funderial-RVW68033590.htm

4

22. Plaintiff Cardenas registered her cell phone number on the DNC on November 9, 2023.

23. Plaintiff Cardenas uses her cell phone number for personal use only as one would use a landline telephone number in a home.

24. Plaintiff Cardenas uses her cell phone number primarily to communicate with friends and family. It is also used to schedule personal appointments and for other household needs.

25. Plaintiff Cardenas does not have a landline telephone number in her home.

26. Plaintiff Cardenas' cell phone number is registered under her husband's name through Verizon. It is not registered under a business name.

27. Plaintiff Cardenas has a Verizon "Go unlimited" service plan. It is a service plan for consumers. It is not a service plan for businesses. Verizon offers different service plans for businesses than it does for consumers.

28. Plaintiff Cardenas' Verizon plan is registered to her home address, not the address of a business.

29. Plaintiff Cardenas pays for her cell phone plan. It is not reimbursed by a business.

30. Plaintiff Cardenas has never had her cell phone number associated with a business.

31. This phone number is not used in any business or marketing materials.

32. Plaintiff Cardenas has never listed her cell phone number publicly as a business contact number.

33. On May 10, 2024 at 1:26 PM, Plaintiff Cardenas received an unsolicited text message to her cell phone from the phone number 954-335-7325:



34.     When "HELP" is texted to 954-335-7325, an automated response indicates the company names IMS Fund LLC and Imperial Advance:



35.     On May 14, 2024 at 1:43 PM, Plaintiff Cardenas received an unsolicited text message to her cell phone from the phone number 312-757-3505:

6



36.     Plaintiff Cardenas texted "What does NBH stand for ?" to 312-757-3505. She did not receive a response.

37.     When "HELP" is texted to 954-335-7325, an automated response indicates the company name IMS Fund:



38.     On May 16, 2024 at 8:30 AM, Plaintiff Cardenas received an unsolicited text message to her cell phone from the phone number 276-972-3245:

7



39.     When "HELP" is texted to 276-972-3245, an automated response indicates the company names IMS Fund LLC and Imperial Advance:



40.     All of the text messages that Plaintiff Cardenas received indicate the company name NBH.

41.     NBH is short for National Business Helpers, a d/b/a of IMS Fund.

42.     On the website NationalBusinessHelpers.com, the logo is NBH:

8



43. The address for National Business Helps is identical to the address for IMS Fund:



44. Plaintiff Cardenas has never done business with IMS Fund or consented to be texted by them.

45. The unauthorized solicitation text messages that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Cardenas in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

46. Seeking redress for these injuries, Plaintiff Cardenas, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

---

[7] https://apply.nationalbusinesshelpers.com/
[8] https://apply.nationalbusinesshelpers.com/privacy_policy
[9] https://apps.dos.ny.gov/publicInquiry/
[10] Funderial is a d/b/a of IMS Fund.

## CLASS ALLEGATIONS

47.     Plaintiff Cardenas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant IMS Fund texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

48.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Cardenas anticipates the need to amend the Class definition following appropriate discovery.

49.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

50.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

10

(a) whether Defendant IMS Fund placed multiple text messages within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each text message;

(b) whether the text messages constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

51. **Adequate Representation**: Plaintiff Cardenas will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Cardenas has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Cardenas and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Cardenas nor her counsel have any interest adverse to the Class.

52. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Cardenas. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from

Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Cardenas and the Do Not Call Registry Class)

53. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

54. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

55. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

56. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Cardenas and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

57. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Cardenas and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on

behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

58. As a result of Defendant's conduct as alleged herein, Plaintiff Cardenas and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

59. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Cardenas requests a jury trial.

**ERICA CARDENAS**, individually and on behalf of all others similarly situated,

DATED this 11th day of July, 2024.

By: */s/ Avi R. Kaufman*
Avi R. Kaufman (*Pro Hac Vice*)

13

kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427

*Attorney for Plaintiff and the putative Class*