

Jeffrey M. Rosin
617.843.6800  OFFICE
617.843.6801  DIRECT
617.843.6810  FAX
jrosin@ohaganmeyer.com

**VIA ECF**
The Hon. Judge John G. Koeltl
U.S. District Judge, Southern District of New York (Foley Square)
40 Foley Square New York
Manhattan, New York, NY 10007

July 12, 2024

RE: *Erica Cardenas v. IMS Fund LLC*, Civil Action No. 1:24-cv-04041-JGK
    Request to Serve Written Discovery on Issue of Standing

Dear Honorable Judge Koeltl:

On or about June 18, 2024, Defendant submitted its letter in support of its anticipated motion to dismiss pursuant to Individual Motion Practice Rule II(B). The basis of the motion was three-fold. First, Defendant argued that Plaintiff lacks subject matter jurisdiction insofar as the telephone number at issue is a business telephone number, publicly held in someone else's name. Since the telephone number at issue is a business number not belonging to the Plaintiff, but her husband and his business, it cannot be registered on the DNC registry and she lacks subject matter standing to bring a claim predicated upon calls made to this number. Defendant also argued that Plaintiff lacked Article III standing given the absence of any tangible damages. Finally, Defendant argues that liability under § 1200(c) cannot be predicated upon calls made to a cellular telephone number.

In furtherance of its standing argument, the Court indicated that the Defendant may want to propound limited discovery on the Plaintiff targeted toward the issue of standing. Defendant tentatively agreed, but indicated that it needed time to confer with its co-counsel to confirm that it wants to proceed with the proffer. At this juncture, Defendant wishes to proceed with limited interrogatories and requests for production designed to further ferret out details concerning whether Plaintiff has standing to assert the TCPA claim at issue. Accordingly, pursuant to the Court's instruction, it now writes the Court seeking its permission to serve limited discovery on the issue of standing as more fully set forth below.

Defendant will propound a total of 14 interrogatories on the Plaintiff and six requests for production of documents. As a threshold matter, this is not an excessive amount. *Cf. Swinforde v. Coil Tubing Tech*, 2019 U.S. Dist. LEXIS 226831 at *4 (S.D. Tex. Dec. 23, 2019) (permitting defendant to serve seven interrogatories and seven requests for production on the issue of standing). The discovery requests concern identification of the full telephone number at issue (Interr. No. 1), the identity of <u>the individual that owns the telephone number in question</u>, whether the messages at issue were received by the Plaintiff, and the manner in which the phone was paid

Case 1:24-cv-04041-JGK-GWG   Document 21   Filed 07/12/24   Page 2 of 4

The Hon. Judge John G. Koeltl
U.S. District Judge, Southern District of New York (Foley Square)
July 12, 2024
Page - 2 –

for and utilized. (Interr. Nos. 2, 3, 10-11, RQP 1-3). Such standing-based discovery is permissible as a matter of law. *See, e.g.*, *Bank v. Independence Energy Group, LLC*, 2014 U.S. Dist. LEXIS 141141 at *9 (E.D.N.Y. Oct. 2, 2014) ("Whether Bank's phone number is used for Bank's business and thus fails outside the protections of the TCPA cannot be resolved without some limited discovery."); *Vance v. Bureau of Collection Recovery LLC*, 2011 U.S. Dist. LEXIS 24908 at *11 (N.D. Ill. Mar. 11, 2011) ("discovery is the proper time to challenge Plaintiff's ownership of her phone, not at the motion to dismiss stage."); *Strand v. Corinthian Colleges, Inc.*, 2014 U.S. Dist. LEXIS 52963 at *9 (W.D. Mich. Apr. 17, 2014) ("Notice pleading, therefore, under *Twombly* and *Iqbal*, necessarily requires that a plaintiff plead the telephone number in question to raise a right to relief above the speculative level…Otherwise…without the telephone number, TCPA defendants are forced to make educated guesses as to which telephone number belongs to a newly filed plaintiff.").

Defendant has already produced public records demonstrating that the telephone number at issue is associated with a business run by Eric Thompson or Eric Cardenas's husband, Mark Cardenas or CEJACAR, Inc. Given the evidence calling jurisdiction into question, discovery is appropriate. *See, e.g.*, *Maddy v. Time Life, Inc.*, 2023 U.S. Dist. LEXIS 115503 at *26 (S.D.N.Y. Jul. 5, 2023) ("Because there are significant reasons to question Plaintiff's standing, the Court will grant Defendant's request for limited discovery into standing.").

Defendant also seeks discovery concerning whether Plaintiff personally registered her telephone number on the DNC registry. (Interr. No. 10, RQP 4). This is an important distinction. If she didn't, she lacks standing to assert a claim in this regard. *See, e.g.*, *Caitlin Rombough v. Robert D. Smith Ins. Agency, Inc.*, 2022 U.S. Dist. LEXIS 124614 at *7 (N.D. Iowa Jun. 9, 2022) ("Plaintiff does not allege, either directly or indirectly, that *she* registered her telephone on the do-not-call registry… Thus, plaintiff fails to state a claim that defendants violated section 64.1200(c)."). Plaintiff must produce evidence demonstrating that she personally registered her telephone number on the registry.

Defendants also seek discovery (Interr. Nos. 5-9) concerning why Plaintiff did not elect to stop the messages when prompted to do so, instead seeking to unilaterally engender a TCPA claim. *See* Plaintiff's Compl., ¶¶ 24-26, 28-30; *see also Epps v. Gap, Inc.*, 2017 U.S. Dist. LEXIS 219772 at *7 (C.D. Cal. Jun. 27, 2017) ("She does not allege that she ever responded with a mere "STOP" which would have ended the text messages. The Court agrees with *Earth Fare* that Plaintiff's chosen method of revocation was entirely unreasonable, and thus that she cannot possibly state a claim under the TCPA."); *Epps v. Earth Fare, Inc.*, 2017 U.S. Dist. LEXIS 63439 at *14 (C.D. Cal. Feb. 27, 2017) ("Without explanation, Plaintiff ignored Defendant's clear instruction to stop the messages. Furthermore, although Plaintiff is correct that Defendant may not abridge Plaintiff's right to revoke consent using any reasonable method…Plaintiff has not plausibly alleged any such burden here."); *compare Farhat v. Unique Healthcare Sys.*, 2022 U.S. Dist. LEXIS 4800 (M.D. Fla. Jan. 11, 2022) ("Although a single text message cannot confer standing, four text messages sent in contravention of an instruction to "STOP" plausibly confer standing…").

Finally, Defendant has propounded a damages interrogatory and request for production (Interr. No. 13/RQP No. 5). It is undisputed that Plaintiff's characterization of her damages is insufficient to provide standing to assert a TCPA claim. *See, e.g.*, *Eldridge v. Pet Supermarket,*

Case 1:24-cv-04041-JGK-GWG   Document 21   Filed 07/12/24   Page 3 of 4

The Hon. Judge John G. Koeltl
U.S. District Judge, Southern District of New York (Foley Square)
July 12, 2024
Page - 3 –

*Inc.*, 446 F. Supp. 3d 1063, 1070 (S.D. Fla. 2020) ("the Court must find that Plaintiff's alleged injuries – invasion of privacy, intrusion upon seclusion, and wasted time from receiving five unauthorized test messages over a three-month period – do not state a concrete injury in fact."). Therefore, in order to determine whether Plaintiff has sustained damages sufficient to confer standing, Defendant has propounded damages discovery requests designed to clarify, if, and to what extent, Plaintiff is asserting damages beyond those alleged in her Complaint.

As the foregoing demonstrates, the limited discovery propounded by Defendant is targeted at discerning whether Plaintiff possesses standing sufficient to maintain her claim against the Defendant. Defendant requests that it be provided permission to serve the written discovery, attached hereto as Exhibit A, on the Plaintiff, to be answered within 30 days, along with such other relief as this Court deems appropriate.

Pursuant to the local rules and the Court's instruction on July 2, 2024, Defendant's counsel consulted with Plaintiff's counsel regarding its position on the proposed discovery it seeks to propound. Upon being presented with the proposed discovery, Plaintiff responded **"[w]e do not agree to any of that. We will provide you a bill from the months she received calls from IMS showing that the number is hers and the associated account is in her husband's name."** Plaintiff's response raises more questions than it answers and proves Defendant's point. Plaintiff's proffer is insufficient. The telephone bills produced should be those from November 9, 2023, through May 30, 2024. Defendant surmises that Plaintiff's husband paid the telephone bill and also used the cell phone for his business or that his company CEJACAR, Inc. paid for the phone bills. This is with good reason. Defendant is in possession of materials demonstrating that the telephone number at issue is associated with a business run by Plaintiff's husband, called CEJACAR, Inc. [1] If so, Plaintiff would lack standing to assert the TCPA claims in question.

---

[1] Attached as Exhibit **B** is a *PeopleMap on Westlaw* report for (Erica Cardenas), attached as Exhibit **C** is a a *PeopleMap on Westlaw* report for (Mark Cardenas), and attached as Exhibit **D** is a Brochure for *PeopleMap on Westlaw* owned by Thomson Reuters Legal, attached from *PeopleMap on Westlaw* (a/k/a CLEAR) which is Public Records from **Thomson Reuters Legal**. *PeopleMap on Westlaw* shows that Mark Cardenas and Erica Anne Cardenas as husband and wife jointly own a homestead located at 40 Center St Chula Vista, CA 91910-3134. *PeopleMap on Westlaw* public record also shows that Mark Cardinas is the Chief Executive Officer, Chief Financial Officer, Director, and Secretary of **CEJACAR INC.** *PeopleMap on Westlaw* also shows the cell phone number (619) 947-5615 is associated with Mark Cardenas and his company, CEJACAR INC.

Exhibit **E** is the California Secretary of State Public Records which confirms that Mark Cardenas (or Marcos Cardenas) is the Chief Executive Officer, Chief Financial Officer, Director, and Secretary of CEJACAR INC. Note that the Secretary of State Records of 50 states seldom include telephone numbers of directors or officers, but PeopleMap on Westlaw does.

On July 11, 2024, Defendant's counsel has confirmed with a representative from *PeopleMap on Westlaw* from Thomson Reuters Legal. He pointed out the last page of the report advising, "This report can be for official use by a Court. . . or by a person holding a legal or beneficial interest relating to the Consumer . . . ."

The Hon. Judge John G. Koeltl
U.S. District Judge, Southern District of New York (Foley Square)
**July 12, 2024**
Page - 4 –

Defendant is entitled to discovery in this regard, and Plaintiff's response only reinforces the basis for providing this discovery.

                            Very truly yours,

                            O'Hagan Meyer, PLLC
                            Jeffrey M. Rosin

                            */s/ Jeffrey M. Rosin*

                            The Tammy Tran Law Firm
                            */s/ Minh-Tam (Tammy) Tran*
                            */s/ Minh-Tam Tran*

---

Please note that Defendant only attached the relevant part as to Erica Cardinas (aka Erica Blair) and her husband Mark Cardinas (aka Marcos Cardenas), not the parts of the records as to other Cardinas who have different addresses. Should the Court deem advisable, the complete records are available.