

237 South Dixie Highway, 4th Floor ■ Coral Gables, Florida 33133
kaufman@kaufmanpa.com ■ (305) 469-5881 ■ www.KaufmanPA.com

<u>VIA ECF</u>
July 17, 2024

Honorable Gabriel W. Gorenstein
U.S. Magistrate Judge, Southern District of New York
500 Pearl Street
Manhattan, New York, NY 10007

     Re: *Erica Cardenas v. IMS Fund LLC*
         Case No. 1:24-cv-04041-JGK
         Plaintiff's Letter Response

Dear Judge Gorenstein:

     Plaintiff Cardenas has asserted a single claim against Defendant IMS under the Telephone Consumer Protection Act for violation of the TCPA's National Do Not Call Registry provision. ECF 20. To establish her claim, Plaintiff must demonstrate that Defendant made two or more calls in a one year period to her National Do Not Call Registry registered telephone number without her consent.

     Defendant's standing argument is based on the false premise that the National Do Not Call Registry registered telephone number to which it made illegal calls was not Plaintiff Cardenas's telephone number, and instead belonged to someone named Eric Thompson. This argument is contrary to Plaintiff's allegations and based exclusively on Defendant's speculation and amateur, internet sleuthing.

     During the July 2 pre-motion conference addressing Defendant's argument (and other unmeritorious arguments that IMS raised), Judge Koeltl asked Defendant whether it believed it required discovery to address this threshold standing issue—whether the telephone number at issue was the Plaintiff's telephone number—and directed Defendant to confer with Plaintiff if it felt discovery into this limited issue was necessary.

     One week later, Defendant's counsel emailed Plaintiff's counsel 14 interrogatories and 5 requests for production far exceeding this single, discrete issue. In response, Plaintiff's counsel responded that Plaintiff would provide the telephone bill for the time period of Defendant's calls evidencing her ownership of the telephone number that Defendant called. This discovery would

Honorable Gabriel W. Gorenstein
July 17, 2024
Page 2 of 2

have resolved the discrete standing issue that the Court believed Defendant may be entitled to discovery regarding.

Defendant refused, because Defendant seeks to further delay these proceedings arising from its illegal, unilateral conduct by seeking discovery unrelated to this issue and in fact, unrelated to any issue relevant in any way to Plaintiff's claim. For example, proposed request for production no. 2 seeks documents reflecting whether Plaintiff was charged for each call received from Defendant. This is not relevant to a claim under the TCPA's National Do Not Call Registry provision. *Compare* 47 C.F.R. § 64.1200(c) (making it illegal to make telemarketing calls to National Do Not Call Registry registered telephone numbers) *with* 47 U.S.C. § 227(b)(1)(A)(iii) (making it illegal to make any robocalls to cellular telephone numbers or telephone numbers for which the subscriber is charged for the call); *see also Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 720-21 (S.D.N.Y. 2013) ("Defendants' argument that their TCPA [robocalls provision] violations should be excused on the theory that Plaintiffs did not incur any additional cost as a result of the thirty-four calls at issue fails as a matter of statutory construction. Under the 'rule of the last antecedent,' which provides that, where no contrary intention appears, a limiting clause or phrase should be read as modifying only the noun or phrase that it immediately follows, the Court finds that the phrase 'for which the called party is charged for the call' only modifies 'any service.' As Plaintiffs point out, courts that have addressed this issue have routinely held that a plaintiff need not prove that he was charged for a cellular phone call to state a claim under the TCPA." (cleaned up)).

Ultimately, Defendant's position on standing is meritless and the discovery it seeks goes far beyond what the Court contemplated would be necessary to address this issue during the parties' conference. Defendant should therefore be precluded from taking unilateral discovery aimed only to harass Plaintiff.

Respectfully submitted,

 s/ *Avi R. Kaufman*

AVI R. KAUFMAN, ESQ.