

237 South Dixie Highway, 4th Floor ■ Coral Gables, Florida 33133
kaufman@kaufmanpa.com ■ (305) 469-5881 ■ www.KaufmanPA.com

<u>VIA ECF</u>
July 22, 2024

MEMORANDUM ENDORED

Honorable Gabriel W. Gorenstein
U.S. Magistrate Judge, Southern District of New York
500 Pearl Street
Manhattan, New York, NY 10007

    Re: *Erica Cardenas v. IMS Fund LLC*
       Case No. 1:24-cv-04041-JGK
       Plaintiff's Letter Response

Dear Judge Gorenstein:

    Plaintiff Cardenas has asserted a single claim against Defendant IMS under the Telephone Consumer Protection Act for violation of the TCPA's National Do Not Call Registry provision. ECF 1. To establish her claim, Plaintiff must demonstrate that Defendant made two or more calls in a one year period to her National Do Not Call Registry registered, residential telephone number. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c).

    Defendant's letter for a pre-motion conference identifies only two purported disputes regarding Plaintiff's standing, neither of which are meritorious. ECF 9. The first is that the telephone number to which IMS sent text messages is not Plaintiff Cardenas's telephone number. *Id*. at § I. The second is that the receipt of text messages causes only a *de minimis* harm and cannot confer standing as a matter of law. *Id*. at § II. No other purportedly good faith dispute has been raised by Defendant as to Plaintiff's standing.

    The discovery Defendant seeks is not directed towards these issues and is otherwise not material.

    As to Defendant's first argument based exclusively on inaccurate information garnered from internet searches, Plaintiff has standing because she received Defendant's unsolicited text messages to the telephone number she is the exclusive user of. *See, e.g., Cacho v. McCarthy & Kelly LLP*, No. 23-cv-11157 (LJL), 2024 U.S. Dist. LEXIS 117544, at *12 n.3 (S.D.N.Y. July 3, 2024) ("But the Second Circuit has held that plaintiffs subjected to unwanted calls in violation of the TCPA have Article III standing because 'the harms Congress sought to alleviate through passage of the TCPA closely relate to traditional claims, including claims for 'invasions of

privacy, intrusion upon seclusion, and nuisance.' *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 93 (2d Cir. 2019) (quoting *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)); *see also Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 476 (2d Cir. 2021); *Lenorowitz v. Mosquito Squad of Fairfield & Westchester Cty.*, 2022 U.S. Dist. LEXIS 170384, 2022 WL 4367596, at *3-4 (D. Conn. Sept. 21, 2022).").

The standing analysis does not turn on who paid for the telephone service, but instead who "used" the telephone number and "received the unwanted messages". *See, e.g., Watson v. Manhattan Luxury Autos., Inc.*, 2022 U.S. Dist. LEXIS 178069, at *17-18 (S.D.N.Y. Sep. 29, 2022) (finding for a claim under the TCPA's NDNR provision that the plaintiff has standing because he "used the phone and received the unwanted messages").

Notwithstanding, Defendant does not seek any discovery regarding this issue.

As to Defendant's second argument, it is inconsistent with the law in this and every other Circuit. *Id*. In fact, Defendant's argument is predicated on cases that were never applicable in the Second Circuit and are no longer applicable even in the Circuits in which they were decided. *See, e.g., Drazen v. Pinto*, 74 F.4th 1336, 1344 (11th Cir. 2023) (relying on Second Circuit law to overturn its prior holding that the degree of harm cause by the receipt of a single unsolicited text message is insufficient to confer standing).

Notably, none of the discovery Defendant seeks goes to the nature of the injury Plaintiff suffered from received Defendant's unsolicited text messages to her NDNCR registered telephone number.

As a result, the discovery Defendant seeks and Plaintiff resists is inappropriate because it goes neither to standing nor to the merits of Plaintiff's claim. *See also Martin v. Bottom Line Concepts, LLC*, 2024 U.S. Dist. LEXIS 45968, at *14-15 (S.D.N.Y. Mar. 14, 2024) ("And, as the Second Circuit has often explained, '[t]he standing question is distinct from whether [the plaintiff] has a cause of action.'").

*First*, as addressed in Plaintiff's prior letter response, whether Plaintiff was charged a fee for the receipt of Defendant's unsolicited text messages is not necessary to demonstrate an injury or a cause of action. *See, e.g., Ehrich v. I.C. Sys.*, 681 F. Supp. 2d 265, 269 (E.D.N.Y. 2010) ("in other words, the 'injury in fact' analysis is directly linked to the question of whether plaintiff has suffered a cognizable statutory injury and not whether a plaintiff has suffered actual damages").

*Second*, whether Plaintiff personally registered her telephone number on the NDNCR is also not related to Plaintiff's standing. The TCPA provides a right of action to any person who receives unsolicited texts to the NDNCR registered telephone number they use. *See, e.g., Abrahamian v. loanDepot.com LLC*, No. CV-23-00728-PHX-SMB, 2024 U.S. Dist. LEXIS 44009, at *5-6 (D. Ariz. Mar. 13, 2024) ("Defendant cites to *Caitlin Rombough v. Robert D. Smith Ins. Agency, Inc*., No. 22-CV-15-CJW-MAR, 2022 U.S. Dist. LEXIS 124614, 2022 WL 2713278 (N.D. Iowa June 9, 2022)—an out-of circuit case that dismissed a TCPA claim by narrowly reading the relevant regulation. Id. 2022 U.S. Dist. LEXIS 124614, at *3-5. The Court

is not bound by this case. Moreover, the Court finds the complete language of the implementing regulation more instructive. See 47 C.F.R. § 64.1200(c)(2). Though the regulation states that it applies to a 'residential telephone subscriber who has registered his or her number' on the DNC Registry, it goes on to require that DNC registrations 'must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.' *Id*. The Court reads this language to mean that as phone numbers change hands, the DNC Registry may not always reflect which consumers requested to be included. Therefore, the Court finds that the language includes the term "indefinitely" to remove the ambiguity of which numbers should be protected.").

*Third*, Plaintiff's standing does not turn on whether she attempted to prevent Defendant from sending text messages to her NDNCR registered telephone number that Defendant had no right to text in the first place. *See, e.g., Trim v. Mayvenn, Inc.*, No. 20-cv-03917-MMC, 2022 U.S. Dist. LEXIS 63222, at *6-7 (N.D. Cal. Apr. 5, 2022) ("Mayvenn further contends Trim's failure to 'complain' or 'respond with a "STOP" message' upon receiving the first text from Mayvenn shows that she 'took steps to allow the continuance of the injury while building a record to facilitate a later claim.' (See Mot. at 10:13-11:2.) Such argument, however, 'misstates the injury required to bring a TCPA claim and assumes a failure to mitigate statutory damages where no such duty exist[s].' *See N.L. v. Credit One Bank, N.A.*, Case No. 2:17-cv-01512-JAM-DB, 2018 U.S. Dist. LEXIS 191497, 2018 WL 5880796, at *4 (E.D. Cal. Nov. 8, 2018) (rejecting argument that plaintiff who 'allowed the calls to continue after consulting with legal counsel' lacked standing to bring TCPA claim); *see also Ahmed v. HSBC Bank USA, Nat'l Ass'n*, Case No. ED CV 15-2057 FMO (SPx), 2017 U.S. Dist. LEXIS 183910, 2017 WL 5720548, at *2 (C.D. Cal. Nov. 6, 2017) (noting 'weight of available authority indicates there is no duty to mitigate statutory damages in . . . TCPA cases' (internal quotation, citation, and alteration omitted)) (collecting cases). Accordingly, to the extent Mayvenn relies on lack of standing, it has not shown it is entitled to summary judgment.").

As a result, there is no basis for any of the discovery Defendant IMS seeks, none of which addresses whether Plaintiff was the user of NDNCR telephone number who received IMS's unsolicited text messages or the nature of the harm she suffered as a result.

The Court should therefore deny Defendant's request for the irrelevant and procedurally inappropriate discovery it seeks.

To the extent the Court still intends to go forward with a hearing on Defendant's request, Plaintiff's counsel respectfully requests that the hearing be continued to a date after August 2, 2024, as Plaintiff's counsel is currently out of the country on a previously scheduled family vacation.

Respectfully submitted,

*s/ Avi R. Kaufman*

AVI R. KAUFMAN, ESQ.

Conference adjourned to August 6, 2024, at 3:30 p.m. The same dial-in instructions apply. The undersigned will extend the time to answer and the current briefing schedule before Judge Koeltl (as stated in Docket # 19) if defendant requires the disputed discovery in order to brief the proposed motion. Defendant should comply with paragraph 1.E of the Court's Individual Practices with respect to any such request.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
July 22, 2024