

**Andrew Schneiderman**
617.843.6800 OFFICE
617.843.6808 DIRECT
617.843.6810 FAX
aschneiderman@ohaganmeyer.com

July 23, 2024

**VIA ECF**
The Hon. Mag. Judge Gabriel Gorenstein
U.S. District Judge, Southern District of New York (Foley Square)
40 Foley Square New York
Manhattan, New York, NY 10007

**RE: *Erica Cardenas v. IMS Fund LLC*, Civil Action No. 1:24-cv-04041-JGK**
**Request for Extension of Time to Respond to Amended Complaint**

Dear Honorable Magistrate Judge Gorenstein:

Pursuant to Individual Practice Rule 1(E), Defendant, IMS Fund LLC, hereby moves the Court for an extension of the current briefing deadlines for the Defendant's forthcoming motion to dismiss. Defendant's request comes at the suggestion of the Court's order that "[t]he undersigned will extend the time to answer and the current briefing schedule before Judge Koeltl (as stated in Docket # 19) if defendant requires the disputed discovery in order to brief the proposed motion. Defendant should comply with paragraph 1.E of the Court's Individual Practices with respect to any such request." *See* DE #26

On May 26, 2024, Plaintiff filed her Complaint in the underlying matter. (DE #1). On or about June 18, 2024, Defendant submitted a letter-motion to the Court in connection with its request for a pre-motion conference relating to its forthcoming motion to dismiss Plaintiff's Complaint. (DE #9). On that same day, the Court ordered the parties to appear for a premotion conference on July 2, 2024. (DE #12). On or about July 2, 2024, the Court Ordered that the time for the Plaintiff to file an Amended Complaint is July 19, 2024. The Court further ordered defendant to move or answer with respect to the Amended Complaint by August 2, 2024, with Plaintiff's response due on or before August 23, 2024. Finally, reply briefs were scheduled to be submitted on or before September 6, 2024. (DE #19).

On July 11, 2024, Plaintiff filed her Amended Complaint. (DE #20). The following day, at the Court's suggestion, Defendant submitted a letter-motion to the Court requesting leave to serve Plaintiff with limited discovery germane to the issue of subject matter jurisdiction, an argument raised in Defendant's pre-motion letter to the Court. Defendant previously argued that Plaintiff lacked subject matter jurisdiction on grounds that, *inter alia*, the telephone at issue is a business number which does not belong to her and is otherwise precluded from being placed on the National

111 Huntington Avenue | Suite 719 | Boston, MA 02199 | www.ohaganmeyer.com

Alexandria, VA • Boston • Charlotte • Chicago • Detroit • Hermosa Beach, CA • Los Angeles • New York, NY • Norfolk, VA • Orange County, CA •Philadelphia • Pittsburgh • Richmond • San Francisco • Washington D.C. • Princeton, NJ •Wilmington, DE

Do Not Call Registry. Defendant attached its limited discovery to its letter-motion to the Court, and provided the Court with justification underlying each of its discovery requests.

    On or about July 17, 2024, Plaintiff submitted her opposition to Defendant's request for leave to conduct discovery. Plaintiff's argument was confined to arguing that certain requests for production of documents were overbroad and unrelated to Plaintiff's claims. Accordingly, such overbroad requests should be disallowed. (DE #23). In response, the Court issued an Order setting a telephone conference for July 23, 2024. Furthermore, the Court indicated that it was "prepared to order discovery as to any issue that goes to subject matter jurisdiction for which there is a good faith basis to seek discovery." (DE #24). However, before doing so, the Court invited Plaintiff to submit a supplemental brief to the Court that addresses each discovery topic propounded by Defendant and whether that topic is in fact relevant to subject matter jurisdiction. *Id.* Plaintiff filed her supplemental brief with the Court on July 22, 2024. (DE #25).

    In light of the fact that there is discovery outstanding which is germane to the arguments to be raised in Defendant's Motion to Dismiss, and consistent with the Court's suggestion, Defendant respectfully requests that the time in which it has to submit its response to Plaintiff's Amended Complaint be extended until 30 days following receipt of the outstanding jurisdictional discovery, or a Court order indicating that such requested discovery has otherwise been denied. Doing so will allow Defendant the full benefit of the jurisdictional discovery allowed for use in its motion to dismiss, and will avoid compelling Defendant to move to dismiss Plaintiff's Complaint on a piecemeal basis.

    Defendant sought Plaintiffs' assent in filing the motion. However, Plaintiffs indicted that since they do not believe there is a reasonable basis for the discovery, and thus no basis for extending the current deadlines.

Very truly yours,
O'Hagan Meyer, PLLC

*/s/ Andrew M. Schneiderman*

**THE TAMMY TRAN LAW FIRM**

*/s/ Minh-Tam Tran*