UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                           :

ERICA CARDENAS,

                                                                           :        ORDER
                     Plaintiff,                                 24 Civ. 4041 (JGK) (GWG)
                                                                             :

        -v.-

                                                                             :

IMS FUND LLC,

                                                                             :

                     Defendant.                     :
-----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

      Before the Court are the parties' letters concerning defendant's set of pre-answer discovery requests. See Letter, filed July 12, 2024 (Docket # 21) ("Def. Letter"); Letter, filed July 17, 2024 (Docket # 23) ("Pl. Letter"); Letter, filed July 22, 2024 (Docket # 25) ("Pl. Supp. Letter"). This case involves a single claim arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. See First Amended Class Action Complaint, filed July 11, 2024 (Docket # 20) ("FAC"). Defendant served a sizeable set of discovery requests consisting of 14 interrogatories and 6 requests for production. See Def. Letter at 1; Discovery Requests, annexed as Ex. A to Def. Letter (Docket # 21-1) ("Discovery Requests").

      Defendant asserts that the discovery is necessary for its anticipated motion to dismiss — particularly as it relates to arguments regarding plaintiff's standing to sue and subject matter jurisdiction. See Def. Letter at 1. The factual information falls within the following categories: (1) information related to the ownership of the telephone number at issue, who paid for it, and who received the text messages at issue; (2) information concerning "whether Plaintiff personally registered her telephone number on the [National Do Not Call Registry]"; (3) "why Plaintiff did not elect to stop the messages when prompted to do so"; and (4) information related to plaintiff's monetary damages. See Def. Letter at 1-3.

      As to the first category, plaintiff's first letter indicated her willingness to "provide the telephone bill for the time period of Defendant's calls evidencing her ownership of the telephone number that Defendant called." Pl. Letter at 1. However, in her supplemental letter, plaintiff argues that whether she owns the phone number at issue is irrelevant and that the proper inquiry is whether she "'used' the telephone number and 'received the unwanted message.'" Pl. Supp. Letter at 2 (citing Watson v. Manhattan Luxury Automobiles, Inc., 2022 WL 4586407, at *6 (S.D.N.Y. Sept. 29, 2022)); see 47 U.S.C. § 227(c)(5) (creating a private right of action for "[a] person who has received" unwanted messages). Defendant fails to support its contention that the issue of ownership and who paid for the phone account relates to standing or subject matter jurisdiction. Indeed, the cases cited by defendant either stand for the proposition that ownership of a particular phone number at issue goes to a plaintiff's ability to state a claim, see Bank v.

Indep. Energy Grp. LLC, 2014 WL 4954618, at *4 (E.D.N.Y. Oct. 2, 2014) (considering ownership of a phone number in the context of a Rule 12(b)(6) motion), or that such information is properly sought during discovery, see Vance v. Bureau of Collection Recovery LLC, 2011 WL 881550, at *3 (N.D. Ill. Mar. 11, 2011) (ruling in the context of a Rule 12(b)(6) motion that there was no requirement to allege ownership and that obtaining information on ownership was not appropriate at the motion to dismiss stage). Because defendant fails to connect its request to a standing or subject matter jurisdiction argument, it is unclear why any discovery needs to proceed as to ownership. Nonetheless, given plaintiff's willingness to provide the bills at issue, plaintiff is directed to do so. As to who received the text messages, while this issue is relevant to standing or subject matter jurisdiction, none of the proposed discovery requests address this issue. In any event, the complaint states that plaintiff received the text messages, see FAC ¶¶ 33-40, and thus defendant should therefore proceed on the assumption this allegation is true.

As to the second and third categories of information, the only cases cited by defendant reflect that this information is relevant to an argument that plaintiff has failed to state a claim, not that plaintiff lacks standing or that the Court lacks subject matter jurisdiction. See, e.g., Rombough v. Robert D. Smith Ins. Agency, Inc., 2022 WL 2713278, at *3 (N.D. Iowa June 9, 2022) ("Plaintiff does not allege, either directly or indirectly, that she registered her telephone on the do-not-call registry . . . . Thus, plaintiff fails to state a claim that defendants violated Section 64.1200(c), as her complaint alleges.") (emphasis omitted); Epps v. Gap, Inc., 2017 U.S. Dist. LEXIS 219772, *7 (C.D. Cal. June 27, 2017) ("She does not allege that she ever responded with a mere 'STOP,' which would have ended the text messages . . . . and thus [ ] she cannot possibly state a claim under the TCPA."); Epps v. Earth Fare, Inc., 2017 WL 1424637, at *5 (C.D. Cal. Feb. 27, 2017) ("Without explanation, Plaintiff ignored Defendant's clear instruction to stop the messages. . . . In sum, Plaintiff has not plausibly alleged that her revocation was effective."). Defendant's assertion that this factual matter relates to "standing," see Def. Letter at 2, is thus unsupported.

Finally, defendant requests information related to plaintiff's damages. See Def. Letter at 2-3. Defendant argues that this information — for example, the "amount of money Erica Cardenas was billed by the cell phone carrier for each and every incoming text message she received and for which she alleges IMS is liable," see Discovery Requests (Interrogatory 3) — is necessary to determine whether plaintiff satisfies the injury-in-fact requirement of "standing," see Def. Letter at 3. In Melito v. Experian Mktg. Sols., Inc., 923 F.3d 85 (2d Cir. 2019), however, the Second Circuit held that under the TCPA, "the receipt of unwanted advertisements is itself the harm." Id. a 94 (emphasis omitted). Thus, defendant is not entitled to the requested information at this stage.[1] Plaintiff's allegations that she received unwanted text messages is sufficient to satisfy the injury-in-fact element of standing. See FAC ¶¶ 33-39.

---

[1] Defendant's sole case in support relies on a district court case from the Eleventh Circuit. See Eldridge v. Pet Supermarket Inc., 446 F. Supp. 3d 1063, 1070 (S.D. Fla. 2020) (relying on Salcedo v. Hanna, 936 F.3d 1162, 1167 (11th Cir. 2019)). But since that case was decided, the Eleventh Circuit has held that "the receipt of an unwanted text message causes a concrete injury." Drazen v. Pinto, 74 F.4th 1336, 1346 (11th Cir. 2023).

Accordingly, plaintiff need only supply the telephone bills showing the ownership of the telephone number at issue. Plaintiff is not required to respond to any of the other discovery requests. The bills shall be supplied on or before August 2, 2024.

The conference scheduled for August 6, 2024, is cancelled. The motion for an extension of time to respond to the complaint (Docket # 27) is granted in part. Given that defendant is entitled only to the narrowest of discovery, defendant should begin preparing its motion now. The time for the defendant to move or answer with respect to the amended complaint is extended to August 16, 2024. The plaintiff may respond to any such motion by September 6, 2024. Any reply shall be filed by September 20, 2024. The motion remains returnable before Judge Koeltl.

SO ORDERED.

Dated: July 26, 2024
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge