# O'HAGAN MEYER
ATTORNEYS ▲ ADVISORS

**MEMORANDUM ENDORSED**

**Andrew Schneiderman**
617.843.6800 OFFICE
617.843.6808 DIRECT
617.843.6810 FAX
aschneiderman@ohaganmeyer.com

**VIA ECF**
The Hon. Mag. Judge Gabriel Gorenstein
U.S. District Judge, Southern District of New York (Foley Square)
40 Foley Square New York
Manhattan, New York, NY 10007

August 6, 2024

**RE: *Erica Cardenas v. IMS Fund LLC*, Civil Action No. 1:24-cv-04041-JGK-GWG**
**Request for Jurisdictional Discovery and Extension of Deadlines**

Dear Honorable Magistrate Judge Gorenstein:

Pursuant to LR 37.2 and Individual Practice Rule 2, Defendant hereby moves the Court for leave to serve further limited discovery on Plaintiff concerning subject matter jurisdiction and to extend the current deadlines following production of the additional discovery.

The underlying matter is a putative class action brought pursuant to the Telephone Consumer Protection Act. On or about June 18, 2024, Defendant submitted its letter in support of its anticipated motion to dismiss Plaintiff's Complaint. One argument Defendant indicated it would be advancing is that Plaintiff lacks subject matter jurisdiction insofar as the telephone number is not only a business number, but one to which she does not subscribe and for which she is not a regular user. In that regard, the Court suggested that Defendant may want to propound discovery on Plaintiff with respect to the issue of subject matter jurisdiction.

On or about July 17, 2024, the Court entered an Order that it "is prepared to order discovery as to any issue that goes to subject matter jurisdiction for which there is a good faith basis to seek discovery." *See* DE #24. Following briefing of the parties, the Court entered a further order indicating that "plaintiff need only supply the telephone bills showing the ownership of the telephone number at issue." *See* DE #28.

On or about August 1, 2024, Plaintiff produced a heavily-redacted seven-page Verizon bill, account ending in 7784, purporting to show ownership in the telephone number. Plaintiff must produce the document at issue unredacted or provide a valid basis for redaction of the material.

More importantly, the bill plainly indicates that Mark Cardenas is the sole owner and subscriber of the telephone number at issue. The bill does not show Plaintiff having any ownership or use of the telephone number. Plaintiff's invoice demonstrating that Mark Cardenas, at a

111 Huntington Avenue | Suite 719 | Boston, MA 02199 | www.ohaganmeyer.com

Alexandria, VA • Boston • Charlotte • Chicago • Detroit • Hermosa Beach, CA • Los Angeles • New York, NY • Norfolk, VA • Orange County, CA •Philadelphia • Pittsburgh • Richmond • San Francisco • Washington D.C. • Princeton, NJ •Wilmington, DE

minimum, is the subscriber in the telephone number at issue **directly contradicts her sworn allegation** under Rule 11 in her Amended Complaint that "Plaintiff Cardenas is the sole owner and exclusive user of her cell phone number ending in 5615."

The Court previously indicated that "[b]ecause defendant fails to connect its request to a standing or subject matter argument, it is unclear why any discovery needs to proceed as to Ownership." *See* DE #28, p. 3. However, ownership of the telephone number at issue is the initial threshold analysis for standing under the TCPA. "It is the subscriber of the telephone number who has standing to sue for violations of the TCPA." *Olney v. Progressive Cas. Ins. Co.*, 993 F. Supp. 2d 1220 (S.D. Cal. Jan. 24, 2014). Here, as the subscriber, Mark Cardenas would have standing to assert TCPA claims against the Defendant, not Plaintiff. Although tenuous, Plaintiff's position is admittedly not foreclosed. Plaintiff may establish standing if she can demonstrate that she is the "regular user of the cellular telephone" insofar as the regular user "has standing to being a claim under the TCPA." *Maraan v. Dish Network, L.L.C.*, 2014 U.S. Dist. LEXIS 162241 at *14 (S.D. Ohio Nov. 18, 2014). Accordingly, based upon the foregoing, Defendant requests additional discovery from the Plaintiff concerning subject matter jurisdiction on the following three topics:

1. Evidence that the phone number at issue was regularly used by Plaintiff, as she argues in her supplemental brief.
2. Evidence as to whether this number was associated with another account other than the alleged Verizon account for which produced a bill.
3. Evidence of the date the telephone number at issue was first listed under Verizon account 7784.

The foregoing discovery topics will clarify whether Plaintiff is the regular user of the telephone number at issue so as to provide her with standing, and whether she owned the cell phone account exclusively for the past 10 years as she represents in her Amended Complaint.

Pursuant to Individual Rule Practice 1(E), Defendant moves the Court for an extension of time to respond to Plaintiff's Amended Complaint based upon its request for jurisdictional discovery. Currently, the deadlines with respect to the forthcoming motion to dismiss are as follows: (1) due date for Motion to Dismiss August 16, 2024; (2) Plaintiff's response due by September 6, 2024; and (3) any reply to be filed by September 20, 2024. *See* DE #28, p. 3. This is the second request for an extension of the deadlines and is necessitated by Defendant's request for jurisdictional discovery which will have direct bearing on the arguments anticipated to be included in the forthcoming motion to dismiss; (4) Plaintiff objects to the requested extension as it objects to the production of the requested discovery altogether. Defendant requests an extension of 30-days from the time in which it receives the additional discovery from Plaintiff or a Court order denying its request, in which to submit its response to Plaintiff's Amended Complaint. Defendant seeks a 30-day extension of the response and reply deadlines as well.

## PRE-FILING CERTIFICATION

On August 6, 2024 at approximately 12:05 p.m. Plaintiff and Defendant had a short five minute conference call. Participating in the call were Attorneys Schneiderman (Defendant) and Kaufman (Plaintiff). Defendant seeks further limited jurisdictional discovery and an extension of the discovery deadlines accordingly. Plaintiff opposes the motion on all grounds. Defendant subsequently informed Plaintiff that the parties were at an impasse and that it would seek further relief with the Court.

.

Very truly yours,<br>
O'Hagan Meyer, PLLC<br>
<br>
*/s/ Andrew M. Schneiderman*

Plaintiff has not responded to this letter as required by paragraph 2.B of the Court's Individual Practices. Accordingly, plaintiff shall produce the Verizon bill in unredacted form on or before August 15, 2024. Defendant's counsel shall keep all previously-redacted information on the bill confidential and shall not share the previously-redacted portion with any party, including his client. If there is a basis for lifting this restriction, defendant's counsel has leave to make an application.

With regard to the requests on page 2, the Court disagrees that ownership is relevant to the issue of subject matter jurisdiction in light of the allegations of usage as explained in the Court's July 26, 2024 Order (Docket # 28). Accordingly, plaintiff need not respond to requests # 2 and # 3.

With respect to request # 1, it is unclear what defendant is seeking. If it is meant as a document request, it is far too vague. Nonetheless, the Court directs that on or before August 15, 2024, plaintiff shall supply a sworn statement to defendant that describes her usage of the telephone number, including approximate dates of such usage.

The time for the defendant to move or answer with respect to the amended complaint is extended to August 23, 2024. The plaintiff may respond to any such motion by September 13, 2024. Any reply shall be filed by September 27, 2024. The motion remains returnable before Judge Koeltl.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge
August 9, 2024