UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Erica Cardenas,

       Plaintiff,

v.

IMS FUND LLC,

       Defendant.

Case No.: 1:24-cv-04041-JGK

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, IMS Fund, LLC ("Defendant") hereby responds to Plaintiff's First Amended Complaint as follows:

**I.      Parties**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint, and therefore denies the same.

2. Admitted

**II.     Jurisdiction and Venue**

3. Paragraph 3 states a conclusion of law to which no response is required and is otherwise denied.

4. Paragraph 4 states a conclusion of law to which no response is required and is otherwise denied.

5. Paragraph 5 states a conclusion of law to which no response is required and is otherwise denied.

### III.   Introduction

6. Paragraph 6 states a conclusion of law to which no response is required and is otherwise denied.

7. Paragraph 7 states a conclusion of law to which no response is required and is otherwise denied.

8. Paragraph 8 states a conclusion of law to which no response is required and is otherwise denied.

9. Paragraph 9 states a conclusion of law to which no response is required and is otherwise denied.

10. Paragraph 10 states a conclusion of law to which no response is required and is otherwise denied.

11.  Paragraph 11 states a conclusion of law to which no response is required and is otherwise denied.

12. Paragraph 12 states a conclusion of law to which no response is required and is otherwise denied.

13. Paragraph 13 states a conclusion of law to which no response is required and is otherwise denied.

### IV.   Common Allegations

14. Admitted.

15. Defendant states that the d/b/a's it utilizes speak for themselves and Defendant denies all allegations inconsistent therewith.

16. Admitted.

17. Denied.

18. Defendant states that the consumer complaints referenced in paragraph 18 of the Amended Complaint speak for themselves and deny all allegations inconsistent therewith.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint, and therefore denies the same.

V.   **Plaintiff Cardenas's Allegations**

20. Denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint and therefore denies the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 22 of the Amended Complaint and therefore denies the same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint and therefore denies the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint and therefore denies the same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 25 of the Amended Complaint and therefore denies the same.

26. Admitted

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 27 of the Amended Complaint and therefore denies the same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 28 of the Amended Complaint and therefore denies the same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint and therefore denies the same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint and therefore denies the same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint and therefore denies the same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint and therefore denies the same.

33. Defendant states that the text message referenced in paragraph 33 of the Amended Complaint speaks for itself, and Defendant denies all allegations inconsistent therewith.

34. Defendant states that the automated response referenced in paragraph 34 of the Amended Complaint speaks for itself, and Defendant denies all allegations inconsistent therewith.

35. Defendant states that the text message referenced in paragraph 35 of the Amended Complaint speaks for itself and denies all allegations inconsistent therewith.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Amended Complaint and therefore denies the same.

37. Defendant states that the automated response referenced in paragraph 37 of the Amended Complaint speaks for itself and denies all allegations inconsistent therewith.

38. Defendant states that the text message referenced in paragraph 38 of the Amended Complaint speaks for itself and denies all allegations inconsistent therewith.

39. Defendant states that the automated response referenced in paragraph 39 of the Amended Complaint speaks for itself and denies all allegations inconsistent therewith.

40. Defendant states that the text messages referenced in paragraph 40 of the Amended Complaint speak for themselves and Defendant denies all allegations inconsistent therewith.

41. Defendant states that Defendant's d/b/a speaks for itself and denies all allegation inconsistent therewith.

42. Defendant states that the logo referenced in paragraph 42 of the Amended Complaint speaks for itself and denies all allegations inconsistent therewith.

43. Defendant states that the address referenced in paragraph 43 of the Amended Complaint speaks for itself and denies all allegations inconsistent therewith.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint and therefore denies the same.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

### FIRST CAUSE OF ACTION – Violation of 47 U.S.C. s. 227

53. Defendant repeats and realleges its responses to paragraphs 1 through 52 as if fully set forth herein.

54. Paragraph 54 states a conclusion of law to which no response is required and is otherwise denied.

55. Paragraph 55 states a conclusion of law to which no response is required and is otherwise denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses with respect to Plaintiff's causes of action and claims contained in the Amended Complaint without assuming the burden of proof where such burden is otherwise on the Plaintiff:

1. Plaintiff lacks Article III standing with regard to her claims because she cannot demonstrate that she sustained an actual injury.

2. Plaintiff lacks subject matter jurisdiction insofar as the telephone number at issue is a business number, belonging to someone else, and which may not be registered on the National Do Not Call Registry.

3. Plaintiff failed to personally register her telephone number on the Do Not Call Registry.

4. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. For example, calls to cellular telephones may not form the basis of a claim under s. 1200(c).

5. Plaintiff consented to being telephoned and/or receiving communications at the number provided and/or otherwise waived the right to claim lack of consent.

6. To the extent that any violation of the TCPA occurred, which Defendant denies, it resulted from good faith reliance upon information offered by other persons or entities other than an agent, servant, or employee of Defendant.

7. Plaintiff's alleged damages are a result of the conduct of third parties for whom Defendant is not liable, and for which it cannot be held legally responsible.

8. Plaintiff has failed to mitigate her damages and her claims herein should be barred or any recovery reduced in proportion to Plaintiff's said failure to mitigate her damages.

9. Plaintiff's claims are barred by the doctrine of waiver, laches, release, ratification, unclean hands and estoppel.

10. Plaintiff's claims are barred by the applicable statute of limitations.

11. Plaintiff's claims are barred insofar as Plaintiff had an established business relationship with Defendant.

12. Plaintiff's proposed class definitions are improper, and should be stricken as a matter of law. *See, e.g.*, *Bryant v. King's Creek Plantation, L.L.C.*, 2020 U.S. Dist. LEXIS 226044 at *8 (E.D. Va. Jun. 22, 2020).

13. Plaintiff's request for class certification fails because she cannot satisfy the requirements for class certification.

14. Although Defendant specifically denies that it has any liability with respect to Plaintiff's claims and allegations, Defendant asserts that it has established and implemented, with due care, reasonable practices and procedures to effectively prevent unsolicited telephone calls in violation of the TCPA.

15. Plaintiff's claims for treble damages are barred because Defendant did not knowingly or willfully engage in any unlawful conduct or in any way violate the TCPA.

16. Plaintiff's claims are barred because they are brought with unclean hands. Plaintiff is pursuing this Action with the ulterior motive to elicit a cash settlement from Defendant where no valid causes of action exist, and such conduct has caused Defendant injury.

17. Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of Defendant's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

Defendant reserves the right to add additional defenses as this matter proceeds.

WHEREFORE, Defendant, IMS Fund, LLC prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Amended Complaint;

2. That the Amended Complaint be dismissed with prejudice;

3. For costs of suit and reasonable attorney's fees; and

4. For further and additional relief as this Court deems appropriate.

Respectfully submitted,

IMS FUND, INC
By its counsel,

Dated: August 20, 2024

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, *PHV Counsel*
Jeffrey Rosin, Esq. #3026952
O'HAGAN MEYER, PLLC
111 Huntington Avenue, Suite 719
Boston, Massachusetts 02199
Telephone:    (617) 843-6800
Facsimile:     (617) 843-6810
aschneiderman@ohaganmeyer.com

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that on this 20th day of August, 2024, I caused the foregoing *Answer to Plaintiff's Amended Complaint* to be served upon all counsel via the Court's ECF Filing System.

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman, Esq.