

Andrew Schneiderman
617.843.6800 OFFICE
617.843.6808 DIRECT
617.843.6810 FAX
aschneiderman@ohaganmeyer.com

**VIA ECF**
The Hon. Mag. Judge Gabriel Gorenstein
U.S. District Judge, Southern District of New York (Foley Square)
40 Foley Square New York
Manhattan, New York, NY 10007

August 29, 2024

**RE:** *Erica Cardenas v. IMS Fund LLC*, Civil Action No. 1:24-cv-04041-JGK-GWG
**Request for Pre-Motion Conference Regarding Anticipated Motion to Bifurcate Class Discovery**

Dear Honorable Magistrate Judge Gorenstein:

Pursuant to LR 37.2 and Individual Practice Rule 2, IMS Fund LLC ("Defendant"), hereby moves the Court for a pre-motion conference regarding its anticipated Motion to Bifurcate Class Discovery.

## I.   Introduction

The underlying matter is a putative class action brought pursuant to the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges that Defendant sent her three text messages to her cellular phone even though it was previously registered on the National Do-not-Call Registry. Accordingly, Plaintiff has filed a single-count class action alleging that Defendant's conduct constitutes a violation of 47 C.F.R. s. 64.1200(c), which precludes calls to residential subscribers whose telephone numbers were previously registered on the Do-not-Call Registry.

Defendant seeks a pre-motion conference to request bifurcation of class discovery from Plaintiff's individual claim. Generally speaking, bifurcation of class discovery is appropriate where dispositive issues related to the named representative claim will not overlap with those of the putative class. Under those circumstances, it is a means of testing the merits of Plaintiff's individual claim to determine whether resolution of individual issues particular to Plaintiff may avoid the necessity of adjudication of class claims. Here, there are several issues unique to the Plaintiff, the resolution of any of which has the potential to render Plaintiff's TCPA claim baseless, and the adjudication of class claims unnecessary.

As a threshold matter, Plaintiff must establish that she has standing to bring her claim, an issue apart from that of the putative class. To date, limited jurisdictional discovery has established

that the cellular phone number at issue belongs to Plaintiff's husband Mark Cardenas, and not exclusively to the Plaintiff as she alleges in the Amended Complaint. Moreover, Plaintiff's limited discovery responses to date have not established that she is a regular user of the phone which would otherwise potentially vest her with standing to bring a claim. Defendant seeks limited discovery from the Plaintiff regarding her alleged usage of the phone to determine whether she possesses standing to assert a TCPA claim in the underlying matter.

Limited individual discovery, unrelated to other class members, is similarly appropriate with respect to determining whether Plaintiff personally registered her number on the National Do-not-Call Registry. If she did not, she lacks standing to assert a claim under the TCPA. An individual issue also exists with respect to whether Plaintiff could have pressed "STOP" in response to Defendant's text messages and why she elected not to do so. Plaintiff must also establish actionable damages in order to support her claim. To date, Plaintiff has only conclusorily pled the existence of damages sustained as a result of Defendant's conduct. However, such conclusory pleading, while arguably permissible at the pleading stage, is insufficient to sustain her claim on summary judgment. Defendant seeks limited discovery to address Plaintiff's damages, and the extent to whether she suffered any damages as a result of Defendant's conduct which would otherwise vest her with standing to bring her claim.

There are also issues which may be decided as a matter of law without the benefit of class discovery. For example, the receipt of three text messages, as a matter of law, does not constitute an actionable claim under the TCPA (this assumes that text messages are actionable). Furthermore, there is a fundamental issue of law as to whether a cellular phone, as opposed to a residential landline, may serve as the basis for a claim under 47 C.F.R. s. 64.1200(c). If not, the case cannot proceed either on an individual basis or as a class action.

Given the breadth of individual dispositive issues, Defendant requests that the Court permit Defendant leave to file a Motion to Bifurcate individual discovery from class discovery. To the extent possible, Defendant intends on filing a dispositive motion on the issues identified herein following limited discovery on the Plaintiff.

II.     **Legal Standard**

"Bifurcation is properly understood as a stay of class discovery pending resolution of plaintiff's individual claim." *Chow v. Sentosacare, LLC*, 2020 U.S. Dist. LEXIS 20770 (E.D.N.Y. Jan. 23, 2020). "A district court has considerable discretion to stay discovery under Federal Rule of Procedure 26(c), with the moving party having the burden of establishing good cause. *See Mohammed Thani T.T. AI Tahni v. Hanke*, 2021 U.S. Dist. LEXIS 395 (S.D.N.Y Jan. 4, 2021) ("Upon a showing of good cause, a district court has considerable discretion to stay discovery pursuant to Rule 26(c)."). "Good cause may exist where the resolution of a single issue may resolve the case and render trial on the other issue(s) unnecessary, or where a narrow potentially dispositive issue, being totally distinct from class issues, has the potential to render Plaintiff's TCPA claim baseless." *Harris v. Shore Funding Sols., Inc.*, 2023 U.S. Dist. LEXIS 70186 (Apr. 21, 2023). Courts often permit bifurcation under such circumstances because "[c]lass discovery is expensive and resource intensive." *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2024 U.S. Dist. LEXIS 137287 at *6 (S.D. Ohio. Aug. 2, 2024). And, "the need for class discovery may be eliminated if Defendant is able to demonstrate that the Named Plaintiff lacks viable individual claims." *Osidi v. Assur. IQ, LLC*, 2022 U.S. Dist. LEXIS 37436 (D. Mass. Mar. 3, 2022). When confronted with the issue, courts also turn to Rule 42(b), which sets forth the standard to be applied when considering

consolidation and separation of cases for trial. Borrowing from Rule 42(b), courts contemplate bifurcating discovery for convenience, to avoid prejudice, or to expedite and economize the proceedings." *Harris*, 2023 U.S. Dist. LEXIS 70186 at *4.

"In cases asserting both individual liability and potential class actions claims under the TCPA, courts have bifurcated discovery where narrow potentially dispositive issues can be decided at the outset of a case prior to costly class discovery." *Fania v. Kin Ins., Inc.*, 2024 U.S. Dist. LEXIS 93655 (E.D. Mich. May 24, 2024); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, 2014 U.S. Dist. LEXIS 13523 (D.N.J Feb. 4, 2014) (bifurcating discovery in TCPA fax case based on a narrow, potentially dispositive issue that was distinct from class issues, and recognizing that bifurcation had the potential to "save parties and the Court from the substantial costs and burdens associated with whole scale class action discovery."); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 U.S. Dist. LEXIS 94011 at *6 (N.D. Ohio May 29, 2023) ("In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset prior to costly class discovery.").

### III. Argument

Good cause exists to bifurcate class discovery because there are several distinct issues particular to the Plaintiff, the resolution of any of which will determine whether she may continue to serve as class representative. These narrow issues, tailored to the Plaintiff, may serve as the basis for a dispositive motion, and in no way overlap with the issues relevant to the putative class. Furthermore, there are issues of law, i.e. whether receipt of three text messages is actionable under the TCPA and whether calls to a cellular phone may serve as the basis for a claim under 47 U.S.C. s. 64.1200(c), which may be dispositive of Plaintiff's claim and require no discovery at all. Accordingly, Defendant requests that the Court bifurcate class discovery to allow for limited individual discovery and dispositive motion practice to proceed.

As a threshold matter, Defendant seeks individual discovery concerning whether Plaintiff has standing to assert her TCPA claim. Bifurcation is appropriate in this regard because the anticipated discovery is limited to whether Plaintiff can maintain her individual claim, and does not overlap with the issues of the putative class members. *See, e.g., Kemen*, 2024 U.S. Dist. LEXIS 137287 at *7 (in TCPA claim bifurcating discovery where "[t]he limited discovery necessary to test Kemen's claims would focus on (1) her standing."); *Katz v. Liberty Power Corp., LLC*, 2019 U.S. Dist. LEXIS 30901 at *6 (D. Mass. Feb. 27, 2019) ("class discovery is not necessary to address certain issues that may be dispositive of Plaintiff's individual claims or ability to bring the asserted class claims…including whether any named Plaintiff with a viable claim can demonstrate the Court's jurisdiction to resolve that claim.")

It is the subscriber of the telephone number who has standing to sue for violations of the TCPA." *Olney v. Progressive Cas. Ins. Co.*, 993 F. Supp. 2d 1220 (S.D. Cal. Jan. 24, 2014). Plaintiff has produced limited discovery demonstrating that the telephone number at issue belongs to her husband, Mark Cardenas. As the subscriber, it is Mark Cardenas, not Plaintiff, who has standing to assert claims under the TCPA. Plaintiff's limited document production contradicts her sworn allegation under Rule 11 in her Amended Complaint that "Plaintiff Cardenas is the sole owner and exclusive user of her cell phone number ending in 5615." *See* Amended Compl., para. 20. Though not the subscriber, Plaintiff may establish standing if she can demonstrate that she is the "regular user of the cellular telephone" insofar as the regular user "has standing to bring a claim

under the TCPA." *Maraan v. Dish Network, L.L.C.*, 2014 U.S. Dist. LEXIS 16241 at *14 (S.D. Ohio. Nov. 18, 2014). Defendant seeks limited individual discovery to determine whether Plaintiff was a regular user of the cellular number so as to confer standing, and why she misrepresented that she was the exclusive owner of the cellular number at issue. If Plaintiff was not a regular user of the number in question, or fabricated her sole ownership of the telephone number, she would lack standing to assert a claim under the TCPA, and could potentially be subject to Rule 11 sanctions. At a minimum, the Amended Complaint would be dismissed.

The next dispositive issue on which Defendant will seek individual discovery is whether Plaintiff personally registered the number at issue on the Do-not-Call Registry as she indicates in her Amended Complaint. *See* Amended Compl., para. 22. Again, this is an issue that is unique to the Plaintiff. If she didn't personally register the number on the Do-not-Call Registry, she lacks standing to assert a claim under the TCPA. *See, e.g.*, *Caitlin Rombough v. Robert D. Smith Ins. Agency, Inc.*, 2022 U.S. Dist. LEXIS 124614 at *7 (N.D. Iowa. Jun. 9, 2022).

The next dispositive issue unique to the Plaintiff is why she elected not to stop receiving the text messages when prompted to do so, instead seeking to unilaterally engender a TCPA claim. Class discovery is not necessary to make such an adjudication as this is an individual issue which may be dispositive of Plaintiff's claim. *See, e.g.*, *Epps v. Gap, Inc.*, 2017 U.S. Dist. LEXIS 219772 at *7 (C.D. Cal. Jun. 27, 2017) ("She does not allege that she ever responded with a mere "STOP" which would have ended the text messages. The Court agrees with *Earth Fare* that Plaintiff's chosen method of revocation with entirely unreasonable, and thus she cannot possibly state a claim under the TCPA."); *Epps v. Earth Fare, Inc.*, 2017 U.S. Dist. LEXIS 63439 at *14 (C.D. Cal. Feb. 27, 2017) ("Without explanation, Plaintiff ignored Defendant's clear instruction to stop the messages. Furthermore, although Plaintiff is correct that Defendant may not abridge Plaintiff's right to revoke consent using any reasonable method…Plaintiff has not alleged such burden here."). Plaintiff's refusal to stop the messages, and the absence of liability stemming therefrom, is an issue that is unique to the Plaintiff and does not overlap with that of the putative class.

The next dispositive issue unique to the Plaintiff is whether the receipt of three allegedly unsolicited text messages is sufficient to state a claim under the TCPA. Class discovery is unnecessary to make a determination with respect to this issue. Plaintiff conclusorily alleges that she sustained damages as a result of Defendant's three text messages. However, this is insufficient to sustain her claim. *See, e.g.*, *Eldridge v. Pet Supermarket, Inc.*, 446 F. Supp. 3d 1063, 1070 (S.D. Fla. 2020) ("The Court must find that Plaintiff's alleged injuries – invasion of privacy, intrusion upon seclusion, and wasted time from receiving five unauthorized text messages over a three-month period – do not state a concrete injury in fact."); *Lawson v. Visionworks of Am., Inc.*, 2023 U.S. Dist. LEXIS 36825 at *10 (M.D. Fla. Mar. 6, 2023) (plaintiff asserted a TCPA claim against defendant arising out of his receipt of three text messages. The Court held that plaintiff failed to establish Article III standing because the alleged harm is "isolated, momentary, and ephemeral", and thus, Plaintiff did not in fact suffer concrete harm and therefore, cannot make it past the judicial standing.). Defendant seeks limited discovery regarding the damages allegedly suffered by Plaintiff as a result of Defendant's conduct, or the absence thereof. This may serve as the basis for a potential dispositive motion.

Finally, there is a fundamental issueof law potentially dispositive of the underlying matter and which does not require engaging in class discovery. Specifically, Plaintiff concedes that the telephone number at issue is a cellular telephone number, not a traditional residential telephone number. Courts have repeatedly held that calls to a cellular phone cannot form the basis of a claim

under 47 C.F.R. s. 64.1200(c). *See, e.g.*, *Gaker v. Q3M Ins. Sols.,*, 2023 U.S. Dist. LEXIS44919 (W.D.N.C. Feb. 7, 2023). Insofar as this issue will serve as the basis for a dispositive motion, bifurcation is appropriate. *See, e.g.*, *Fania*, 2024 U.S. Dist. LEXIS 93655. Adjudication of this legal issue in advance of class discovery would expedite the proceedings and is the most efficient manner of proceeding because if Plaintiff does not have an actionable claim under which to proceed, the class cannot be certified as a matter of law.

## PRE-FILING CERTIFICATION

On August 27, 2024, Defendant sent Plaintiff's counsel a request concerning a conference regarding the issues raised herein. A five-minute telephonic conference was held on August 28, 2024 at approximately 10:00 am. Attorneys Kaufman and Schneiderman participated in the conference. Plaintiff opposed the Motion to Bifurcate in its entirety. Following the conference, Attorney Schneiderman sent an email to Attorney Kaufman advising that there was an impasse with respect to the issues raised herein, and Defendant would be seeking a pre-motion conference with the Court.

.

Very truly yours,
O'Hagan Meyer, PLLC

*/s/ Andrew M. Schneiderman*