# kaufman

237 South Dixie Highway, 4th Floor ■ Coral Gables, Florida 33133

kaufman@kaufmanpa.com ■ (305) 469-5881 ■ www.KaufmanPA.com

<u>VIA ECF</u>
September 3, 2024

Honorable Gabriel W. Gorenstein
U.S. Magistrate Judge, Southern District of New York
500 Pearl Street
Manhattan, New York, NY 10007

    Re: *Erica Cardenas v. IMS Fund LLC*
       Case No. 1:24-cv-04041-JGK
       Plaintiff's Letter Response

Dear Judge Gorenstein:

    Defendant IMS's request for bifurcation is the third dispute arising from the same false narrative created by IMS that Plaintiff Cardenas lacks standing to assert a claim under the Telephone Consumer Protection Act's National Do Not Registry provision.

    As a result of the prior two disputes, Plaintiff Cardenas has already produced to IMS an unredacted copy of her cellular telephone bill, as well as a declaration swearing to the following facts:

1. Plaintiff is the sole owner and exclusive user of the cell phone number ending in 5615 (the "Number").

2. Plaintiff has had this Number since approximately January of 2014.

3. Plaintiff registered the Number on the National Do Not Call Registry on November 9, 2023.

4. Plaintiff does not have a landline telephone number in her home, so she uses the Number as one would use a landline number in a home.

5. Plaintiff uses the Number to communicate with friends and family, and also to schedule personal appointments and for other household needs.

6. The Number is registered under Plaintiff's husband's personal, Verizon "Go unlimited" service plan, and Plaintiff is identified on the plan as the "Manager" of the Number.

7. The Verizon plan that includes Plaintiff's Number is registered to her home address, not the address of a business.

8. Plaintiff pays for service to the Number, and is not reimbursed by a business.

9. The Number is not owned or used by a business, and has not been at any time since Plaintiff obtained it.

10. Plaintiff has never had the Number associated with a business, used the Number in any business or marketing materials, or listed the number publicly as a business contact number.

*See* Declaration of Erica Cardenas [attached as Exhibit 1].

Notwithstanding, IMS now seeks bifurcation to again probe issues which have already been addressed by this discovery produced by Plaintiff Cardenas or otherwise rejected by the Court. *See, e.g.,* Order (ECF 28).

Specifically, IMS seeks bifurcation to argue—**without any reasonable basis**—that (1) Plaintiff lied when she swore that she is the sole owner and user of the telephone number, (2) Plaintiff lied when she swore that she personally registered her telephone number on the National Do Not Call Registry, (3) Plaintiff was required to tell IMS to stop sending unsolicited text messages to her, (4) the receipt of three TCPA violative text messages is not a concrete enough injury, and (5) cellular telephone numbers are not entitled to the protections of the National Do Not Call Registry.

None of these grounds entitle IMS to further unilateral discovery.

*First*, IMS's accusations (grounds for bifurcation nos. 1 and 2) are baseless. Just because IMS does not like what it has learned in discovery does not make Plaintiff's sworn statement false or entitle IMS to more one-way discovery regarding the same issues while Plaintiff, in turn, is precluded from taking discovery from IMS.

*Second*, IMS's remaining arguments do not require any further discovery to develop, as it is undisputed that (3) Plaintiff Cardenas did not text stop in response to IMS's text messages, (4) Plaintiff Cardenas received three text messages from IMS, and (5) Plaintiff Cardenas's National Do Not Call Registry registered number is a cellular telephone.

*And third*, each of these remaining arguments lack legal merit.

Plaintiff was not required to text stop to IMS's text messages to have standing. *See, e.g., Trim v. Mayvenn, Inc.*, No. 20-cv-03917-MMC, 2022 U.S. Dist. LEXIS 63222, at *6-7 (N.D. Cal. Apr. 5, 2022) ("Mayvenn further contends Trim's failure to 'complain' or 'respond with a "STOP" message' upon receiving the first text from Mayvenn shows that she 'took steps to allow the continuance of the injury while building a record to facilitate a later claim.' (See Mot. at 10:13-11:2.) Such argument, however, 'misstates the injury required to bring a TCPA claim and assumes a failure to mitigate statutory damages where no such duty exist[s].' *See N.L. v. Credit*

*One Bank, N.A.*, Case No. 2:17-cv-01512-JAM-DB, 2018 U.S. Dist. LEXIS 191497, 2018 WL 5880796, at *4 (E.D. Cal. Nov. 8, 2018) (rejecting argument that plaintiff who 'allowed the calls to continue after consulting with legal counsel' lacked standing to bring TCPA claim); *see also Ahmed v. HSBC Bank USA, Nat'l Ass'n*, Case No. ED CV 15-2057 FMO (SPx), 2017 U.S. Dist. LEXIS 183910, 2017 WL 5720548, at *2 (C.D. Cal. Nov. 6, 2017) (noting 'weight of available authority indicates there is no duty to mitigate statutory damages in . . . TCPA cases' (internal quotation, citation, and alteration omitted)) (collecting cases). Accordingly, to the extent Mayvenn relies on lack of standing, it has not shown it is entitled to summary judgment.").

The receipt of three text messages to a National Do Not Call Registry registered number is a concrete injury. *See, e.g., Drazen v. Pinto*, 74 F.4th 1336, 1344 (11th Cir. 2023) (relying on Second Circuit law to overturn its prior holding that the degree of harm cause by the receipt of a single unsolicited text message is insufficient to confer standing).

And cellular telephone numbers are entitled to the National Do Not Call Registry's protections if they are subscribed to a non-business service and used for residential purposes. *See, e.g., Cacho v. McCarthy & Kelly LLP*, No. 23-cv-11157 (LJL), 2024 U.S. Dist. LEXIS 117544, at *13-26 (S.D.N.Y. July 3, 2024) ("Cellular telephones—like telephone lines, paging services, radio common carrier services, and telephone facsimile machines—are a kind of telephonic communications technology. … Section 227(c)'s applicability depends on the type of subscriber and the function for which the subscriber uses the phone rather than on the particular technology the subscriber uses." (cleaned up)).

There is therefore no reasonable basis to bifurcate discovery to allow IMS to pursue contrived factual arguments and meritless legal ones while otherwise further delaying the progress of the case.

Respectfully submitted,

*s/ Avi R. Kaufman*

AVI R. KAUFMAN, ESQ.