UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERICA CARDENAS,** | No. 1:24-cv-04041-JGK-GWG |
| *Plaintiff,* | **CLASS ACTION** |
| v. | |
| **IMS FUND LLC**, | |
| *Defendant.* | |

# SCHEDULING ORDER

Pursuant to the Court's Order (ECF No. 32), Plaintiff Erica Cardenas and Defendant IMS Fund LLC hereby submit the following Proposed Scheduling Order.

1. The appearances for the parties; including the individual attorney's name, the law firm's name, the party(ies) represented, business address, business phone number, and email.

Plaintiff's Counsel:

Avi R. Kaufman (Pro Hac Vice)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427

Defendant's Counsel:

Andrew M. Schneiderman (*PHV*)
OHAGAN MEYER, PLLC
140 Kendrick Street, Bldg C
Needham, MA 02494
Telephone: (617) 843-6808
aschneiderman@ohaganmeyer.com

Jeff Rosin (3026952)
OHAGAN MEYER, PLLC
140 Kendrick Street, Bldg C
Needham, MA 02494
Telephone: (617) 843-6801
jrosin@ohaganmeyer.com

2. a concise statement of the issues as they then appear;

This is a putative class action alleging that Defendant violated the TCPA by placing unsolicited text messages to phone numbers that are registered on the National Do Not Call registry.

Defendant denies violating the TCPA, or that class certification is appropriate. Defendant intends on raising certain defenses to Plaintiff's claim, including, but not limited to,: (a) calls to cellular phones may not form the basis of a claim under s. 1200(c); (b) Plaintiff lacks standing to assert a claim under s. 1200(c) insofar as the telephone at issue does not belong to her and she is not a regular user of the same; (c) Plaintiff did not sustain any tangible damages as a result of Defendant's conduct; (d) Plaintiff did not personally register her telephone number on the Do Not Call Registry; (e) Plaintiff intentionally did not elect to stop the messages when prompted to do so which would have otherwise ceased her receipt of the alleged text messages in question, and thereby her claim of a lack of consent has no merit; (f) The FCC's authority concerning interpretation of the TCPA is no longer binding, rendering unsupported Plaintiff's argument that calls to cellular phones may form the basis of claims under 1200(c); (g) Plaintiff is unable to satisfy the various requirements for class certification, and Defendant possesses defenses to Plaintiff's class claims which are unique to Plaintiff, and demonstrate that individual issues abound, precluding her from serving as a typical or adequate class representative.

3. a proposed schedule including:

a. dates for initial document requests and initial interrogatories: October 11, 2024

b. a deadline for joining parties or filing amended pleadings: November 15, 2024

c. the names of non-expert witnesses expected at this time to be deposed (if
known) and either specific dates or a timetable for when depositions will
take place:

The parties anticipate that depositions will take place after initial written discovery is exchanged.

Plaintiff anticipates the following fact witnesses at this time:
- Plaintiff
- Corporate representative of Defendant
- Corporate representative of any vendor used by Defendant for generating leads or otherwise involved in sending the text messages

   Defendant:

In addition to the witnesses identified by the Plaintiff, Defendant may depose Mark Cardenas, and a 30(b) deposition of the corporate representative from the phone carrier for the telephone number partially identified in the Amended Complaint.

d. a date by which all non-expert discovery shall be completed: March 28, 2025

e. in the event either side contemplates calling an expert witness, (i) anticipated fields of expert testimony; (ii) dates by which the disclosures of the identities and reports of experts required by Rule 26(a)(2) will be made; and (iii) the date by which depositions of experts shall be completed:

Plaintiff anticipates requiring experts to analyze call records. Plaintiff anticipates requiring expert analysis prior to moving for class certification. Plaintiff proposes the following expert disclosure deadlines:
- Affirmative expert disclosures – April 4, 2025
- Rebuttal expert disclosures – May 2, 2025
- Expert discovery cut off – May 30, 2025

f. the date by any letter to Judge Koeltl requesting permission to make a motion for summary judgment or for class certification:  May 30, 2025.

g. The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.


4. a statement of any limitations to be placed on discovery, including any protective or confidentiality orders:

The parties will endeavor to submit a joint protective order governing confidentiality.

The Court has denied the request to bifurcate discovery.  See Docket # 36, 38

5. a brief description of any discovery issues, including issues regarding the production of electronically stored information, as to which the parties have been unable to reach an Agreement:

There are no issues at this time.

6. anticipated length of trial and whether, and by whom, a jury has been requested:

The parties anticipate that a ruling on class certification will greatly impact the timing and preparation required for trial, including to provide notice to the class, if certified.

7. an approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions with the assistance of a mediator and whether the parties plan to engage a private mediator:

The parties agree to engage a private mediator. Plaintiff believes that settlement discussions will be more productive after the exchange of written discovery, including to evaluate class issues. Defendant submits that completion of discovery is not a necessary precursor to mediation, and would be willing to engage a private mediator to resolve the underlying dispute prior to engaging in significant discovery.

8. The following paragraphs reproduced verbatim:

"Counsel shall confer with one another by telephone or in person within 30 days of the date of this Order regarding production of electronically stored information (ESI), including but not limited to sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of ESI; and any limitations or anticipated difficulties regarding discovery or production of ESI.

All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material."

DATED this 30th day of August, 2024.

Respectfully submitted,

By: */s/ Avi R. Kaufman*
Avi R. Kaufman (*Pro Hac Vice*)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427

*Attorney for Plaintiff and the putative Class*

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman (*PHV*)
OHAGAN MEYER, PLLC
111 Huntington Ave, Suite 719
Telephone: (617) 843-6808
aschneiderman@ohaganmeyer.com

Jeff Rosin (3026952)
OHAGAN MEYER, PLCC
111 Huntington Ave, Suite 719
Telephone: (617) 843-6801
jrosin@ohaganmeyer.com

*Attorneys for Defendant*

SO ORDERED this 12th day of September 2024

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge